IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-11-1464-W |
| | ) | |
| RANDY WHITEKILLER, D.O., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Garnishee. | ) | |

REPORT AND RECOMMENDATION

This case has been referred to the undersigned Magistrate Judge for post-judgment garnishment proceedings consistent with 28 U.S.C. § 636. Plaintiff/Garnishor United States has submitted a proposed Order for Disposition of Garnished Funds. For the reasons set out hereafter, the undersigned recommends that the proposed order be entered directing the Garnishee as to the disposition of the Defendant judgment debtor's non-exempt interest in the garnished property. 28 U.S.C. § 23205(c)(7).

Although 28 U.S.C. § 636(b) does not expressly authorize a magistrate judge to consider post-judgment matters, a district judge may assign "additional duties" to the magistrate judge that "are not inconsistent with the Constitution and law of the United

States." 28 U.S.C. § 636(b)(3). Absent consent of the parties, see 28 U.S.C. § 636(c), a magistrate judge exercising "additional duties" jurisdiction must recommend an appropriate disposition of a post-judgment matter. See Phillips v. Beierwaltes, 466 F.3d 1217 (10th Cir. 2006)(magistrate judge lacked authority to enter final order concerning subpoena request under 28 U.S.C. § 1782); Colo. Building and Constr. Trades Council v. B.B. Anderson Constr. Co., Inc, 879 F.2d 809, 811 (10th Cir. 1989)(magistrate judge exercising "additional duties" jurisdiction lacked authority to enter final order in post-judgment garnishment dispute); United States v. Thompson, 238 Fed.Appx. 522, 2008 WL 2421724 (10th Cir. June 17, 2008)(unpublished order)(magistrate judge lacked authority to enter writ of execution); United States v. Lindsay, 60 F.3d 837 (Table), 1995 WL 406940 (10th Cir. July 11, 1995)(unpublished order)(magistrate judge acting pursuant to referral under 28 U.S.C. §636(b)(1) or (3) "does not possess authority to enter a final, appealable order" and therefore magistrate judge lacked authority to enter order enforcing IRS summons).

On April 19, 2012, the United States filed an application for post-judgment writ of continuing garnishment directed to the Oklahoma Department of Corrections. The application reflects an amount due and owing by Defendant of $ 115,311.94. A Post-Judgment Continuing Writ of Garnishment was issued by former United States Magistrate Judge Argo on April 23, 2012.

The United States has filed a certificate of service reflecting that (1) Defendant was served with a copy of the application, the Writ of Garnishment, and instructions advising Defendant of his opportunity to object to the answer of the Garnishee and to request a

hearing, and (2) Garnishee was served with a copy of the Writ of Garnishment, accompanied by instructions advising Garnishee of the requirements for submitting an answer to the Writ. Garnishee has submitted an Answer filed May 21, 2012. Defendant has not filed an objection to the Answer nor requested a hearing pursuant to 28 U.S.C. § 3205(c)(5).

In light of Garnishee's Answer, Plaintiff/Garnishor has submitted a proposed Order for Disposition of Garnished Funds. As Plaintiff/Garnishor is entitled to an order to disburse all non-exempt monies and property of Defendant withheld or obtained under the continuing Writ of Garnishment, the undersigned recommends entry of the proposed Order for Disposition of Garnished Funds directing the Garnishee as to the disposition of all non-exempt monies and property of Defendant withheld or obtained in the future under the continuing Writ of Garnishment. 28 U.S.C. § 3205(c)(7).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that an order for disposition of garnished funds (as proposed by Plaintiff) be entered in favor of the United States. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     July 9th    , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Clerk of the Court is directed to send a copy of this Report and

Recommendation to the Garnishee, to the Defendant at his last known address, and to the Plaintiff United States.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  18th  day of   June  , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE